09-1776-ag
Maniruzzaman v. Holder

BIA
Romig, IJ
A 099 661 278

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of February, two thousand ten.

PRESENT:
      RALPH K. WINTER,
      ROBERT A. KATZMANN,
      PETER W. HALL,
          *Circuit Judges*.

_____

MOHAMMAD MANIRUZZAMAN,
      *Petitioner*,

      v.                     09-1776-ag
                              NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
      *Respondent*.

_____

FOR PETITIONER:      Mohammad Maniruzzaman, *pro se,* Jamaica, NY.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Gladys M. Steffens Guzmán, Trial Attorney, Office of Immigration Litigation, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mohammad Maniruzzaman, a native and citizen of Bangladesh, seeks review of the April 2, 2009, order of the BIA affirming the August 3, 2007, decision of Immigration Judge ("IJ") Jeffrey L. Romig denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohammad Maniruzzaman*, No. A 099 661 278 (B.I.A. Apr. 2, 2009), *aff'g* No. A 099 661 278 (Immig. Ct. N.Y. City Aug. 3, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where, as here, the BIA affirms the IJ's decision and emphasizes particular aspects of it, we review both the BIA's and the IJ's opinions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). This Court reviews *de novo* questions of law and the application of

2

law to undisputed fact.  *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Because Maniruzzaman is a *pro se* petitioner, we construe his arguments broadly.  *See Weixel v. Bd. of Educ.*, 287 F.3d 138, 145-46 (2d Cir. 2002) (in the context of a motion to dismiss, construing *pro se* plaintiff's pleadings so as to "raise the strongest arguments that they suggest") (internal quotation marks omitted).  Even construing his brief broadly, however, Maniruzzaman fails to challenge either the agency's adverse credibility determination or its denial of his application for asylum and withholding of removal.  Thus, he has waived any challenge to these determinations and we will not address them on appeal.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005).

The only agency determination Maniruzzaman challenges in his brief is its denial of his application for CAT relief.  We conclude that substantial evidence supported the IJ's determination that Maniruzzaman did not establish that he would more likely than not be tortured if returned to Bangladesh.  *See* 8 U.S.C. § 1252(b)(4)(B).  In assessing whether it is more likely than not that an applicant would be tortured, the IJ must consider all relevant evidence including

evidence of past torture and current conditions in the country of removal. 8 C.F.R. § 1208.16(c)(3). The IJ found that Maniruzzaman's allegations of past torture were "not credible," and gave his testimony "no weight as evidence of past torture." Therefore, to the extent that Maniruzzaman relies on this testimony as evidence that he was tortured in the past, the IJ's adverse credibility determination necessarily precludes success on his claim for CAT relief. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (holding that the weight afforded to an applicant's evidence lies largely within the discretion of the IJ).

Furthermore, after considering the additional documentary evidence Maniruzzaman submitted, noting factors that undermined the authenticity of this evidence, the IJ properly concluded that the documents "d[id] not support a clear probability of torture if [Maniruzzaman] were now to return to Bangladesh." After examining the record, we conclude that the remaining evidence that was not undermined by the IJ's adverse credibility determination would compel a reasonable adjudicator to conclude that someone in Maniruzzaman's

4

particular circumstances would not likely be tortured if returned to Bangladesh. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiao Ji Chen*, 471 F.3d at 342.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5